Slip Op. 19-101

UNITED STATES COURT OF INTERNATIONAL TRADE

NEXTEEL CO., LTD.,

    Plaintiff,

and

HYUNDAI STEEL COMPANY,

    Plaintiff-Intervenor,

v.

UNITED STATES,

    Defendant,

and

UNITED STATES STEEL CORPORATION, TMK IPSCO, VALLOUREC STAR, L.P., and WELDED TUBE USA INC.,

    Defendant-Intervenors.

Before: Jennifer Choe-Groves, Judge

Court No. 19-00092

**OPINION**

[Granting Plaintiff-Intervenor's motion for a preliminary injunction.]

Dated: August 2, 2019

J. David Park, Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Plaintiff-Intervenor.

Hardeep K. Josan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for Defendant United States. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.

Choe-Groves, Judge:  Before the court is Plaintiff–Intervenor Hyundai Steel Company's ("Hyundai" or "Plaintiff-Intervenor") motion for preliminary injunction to enjoin the United States ("Defendant") from liquidating Hyundai's entries subject to the final results of an antidumping order administrative review in Certain Oil Country Tubular Goods from Korea, 84 Fed. Reg. 24,085 (Dep't Commerce May 24, 2019) ("Final Results").  For the reasons that follow, Plaintiff-Intervenor's motion for a preliminary injunction is granted.

## BACKGROUND

The U.S. Department of Commerce ("Commerce") published the Final Results on May 24, 2019.  Certain Oil Country Tubular Goods from Korea, 84 Fed. Reg. 24,085 (Dep't Commerce May 24, 2019).  Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL" or "Plaintiff"), a mandatory respondent, commenced this action to contest the Final Results on June 10, 2019.  Summons, Jun. 10, 2019, ECF No. 1; Compl., Jun. 14, 2019, ECF No. 6.  The court entered a statutory injunction, pursuant to 19 U.S.C. § 1516a(c)(2), enjoining Defendant from liquidating NEXTEEL's entries subject to the Final Results.  Order for Statutory Inj. Upon Consent, Jun. 18, 2019, ECF. No. 9.

Hyundai moved to intervene in the present action on July 1, 2019.  Consent Mot. to Intervene, Jul. 1, 2019, ECF No. 15.  The court granted Hyundai's motion to intervene on July 2, 2019.  Order, Jul. 2, 2019, ECF No. 19.

Hyundai sought consent from Defendant to enter a statutory injunction for Hyundai's entries subject to the Final Results on July 2, 2019.  See Mot. for Temp. Restraining Order and Prelim. Inj. 2, Jul. 5, 2019, ECF No. 20.  Defendant did not consent and indicated its opposition to the motion.  Id.  The U.S. Court of International Trade's ("USCIT") Specific Instructions for Form 24 direct that "[i]f any party opposes the injunction, then regular motion practice should be

followed." Form 24, Specific Instructions. Hyundai filed the instant motion for a temporary restraining order ("TRO") and preliminary injunction on July 5, 2019. Mot. for TRO and Prelim. Inj., Jul. 5, 2019, ECF No. 20. The court granted Hyundai's request for a TRO on July 5, 2019 and extended the TRO on July 19, 2019. Order, Jul. 5, 2019, ECF No. 21; Order, Jul. 19, 2019, ECF No. 33.

Defendant filed its response in opposition to Hyundai's motion for preliminary injunction on July 10, 2019. Def.'s Resp. to Hyundai's Mot. for Prelim. Inj., Jul. 10, 2019, ECF No. 22.

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1516a.

## DISCUSSION

Defendant argues that an injunction in favor of Plaintiff-Intervenor Hyundai would improperly expand the issues in the case and conflict with the language of Rule 56.2(a) of the Rules of the United States Court of International Trade. Defendant does not oppose Hyundai's motion on the basis of the four-factor test that the court considers when evaluating whether to grant injunctive relief.

**A. Defendant's Threshold Arguments**

   **1. Scope of the Issues**

In opposing Hyundai's motion, Defendant relies upon the general principle that "an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944). Under this general principle, an intervenor cannot add new substantive legal issues to the litigation. Tianjin Wanhua Co. v. United States, 38 CIT ---, ---, 11 F. Supp. 3d 1283, 1285–86 (2014).

Defendant's attempt to paint Hyundai's motion for injunction as an improper introduction of a new substantive legal issue in this case is inconsistent with the statutory scheme applicable to antidumping actions. The statutory scheme provides for intervention of an interested party who was a party to the underlying administrative review. See, e.g., 28 U.S.C. § 2631(j)(1)(B). Statutory law also provides for the entry of an injunction upon a request by an interested party. See 19 U.S.C. § 1516a(c)(2). Under 19 U.S.C. § 1516a(c)(2):

> [T]he United States Court of International Trade may enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

19 U.S.C. § 1516a(c)(2).

Plaintiff-Intervenor Hyundai seeks to prevent liquidation of its entries that are subject to the same Final Results being challenged in Plaintiff's complaint. In the absence of injunctive relief, Hyundai's entries would be liquidated before the conclusion of this case. Hyundai has not attempted to raise any substantive challenges that were not raised in Plaintiff's complaint. Rather than enlarging the issues or altering the proceeding, Hyundai seeks to obtain the benefit of any affirmative relief that may arise in this action. See Tianjin Wanhua, 38 CIT at ---, 11 F. Supp. 3d at 1285–86.

Given the absence of any new substantive issues raised by Hyundai's motion, Hyundai's motion for preliminary injunction cannot reasonably be viewed as an enlargement of the substantive legal issues in the case or an alteration of the nature of the antidumping proceeding. See e.g., NEXTEEL Co., Ltd. v. United States, 41 CIT ---, ---, 227 F. Supp. 3d 1323, 1325-26 (2017).

### 2. USCIT Rule 56.2

Defendant argues that injunctive relief may apply only to entries that are the subject of the complaint itself pursuant to the language "entries that are the subject of the action" in USCIT Rule 56.2(a). Defendant's construction of this language in USCIT Rule 56.2(a) is incorrect because the language does not purport to define the scope of any available injunctive relief, does not refer to the complaint, and does not apply to motions brought by intervenors.

Rule 56.2(a) provides, in relevant part, that "[a]ny motion for a statutory injunction to enjoin the liquidation of entries that are the subject of the action must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown." USCIT R. 56.2(a). First, the purpose of the relevant language in Rule 56.2(a) is to establish a deadline for statutory motions for injunctions, not define or limit the scope of injunctive relief available. Union Steel v. United States, 33 CIT 614, 625, 617 F. Supp. 2d 1373, 1383 (2009). Second, the language in question does not limit the entries to be enjoined to those referenced in the complaint. Instead, Rule 56.2(a) refers to entries that are "the subject of the action." USCIT R. 56.2(a). Third, the allegedly limiting language is contained within the second sentence of the second paragraph of Rule 56.2, not the fourth sentence applicable to motions brought by intervenors. USCIT R. 56.2(a) ("an intervenor must file a motion for a statutory injunction no earlier than the date of filing of its motion to intervene and no later than 30 days after the date of service of the order granting intervention, or at such later time, but only for good cause shown").

Defendant's arguments do not demonstrate that Hyundai may not seek injunctive relief pursuant to the statutory scheme and USCIT Rule 56.2.

**B. Injunctive Relief**

USCIT Rule 65 allows for a court to grant injunctive relief in an action. USCIT R. 65; 28 U.S.C. § 2643. The court considers the following four factors when evaluating whether to grant a preliminary injunction: (1) whether the party will incur irreparable harm in the absence of such injunction; (2) whether the party is likely to succeed on the merits of the action; (3) whether the balance of hardships favors the imposition of the injunction; and (4) whether the injunction is in the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Wind Tower Trade Coal. v. United States, 741 F.3d 89, 95 (Fed. Cir. 2014).

1. **Irreparable Harm**

Hyundai argues that it will suffer irreparable injury if the court does not enjoin liquidation of Hyundai's entries. See Winter, 555 U.S. at 20; see also Fine Furniture (Shanghai) v. United States, 40 CIT ---, ---, 195 F. Supp. 3d 1324, 1332-33 (2016) (concluding that liquidation of plaintiff-intervenor's entries would cause irreparable injury). A party whose entries have liquidated no longer may obtain relief in the form of a revised assessment rate on its entries. Qingdao Taifa Grp. Co., Ltd. v. United States, 581 F.3d 1375, 1380 (Fed. Cir. 2009); Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983). In the absence of injunctive relief, Hyundai would lose the ability to protect its entries from being liquidated at the challenged rate. The court concludes that Hyundai would suffer irreparable harm absent injunctive relief.

2. **Likelihood of Success on the Merits**

Hyundai bears the burden of showing that it is likely to succeed on the merits of its claims. See Winter, 555 U.S. at 20. Hyundai argues that it is likely to succeed on the merits because this Court ruled against Commerce on the merits twice in related litigation. See

NEXTEEL Co. v. United States, 43 CIT ---, ---, 355 F. Supp. 3d 1336, 1343 (2019); NEXTEEL Co. v. United States, 43 CIT ---, No. 18-00083, 2019 WL 2565365, at *1 (June 17, 2019). The court finds that Hyundai has shown a likelihood of success on the merits.

### 3. Balance of Hardships

When evaluating a request for a preliminary injunction, the court must balance the hardships on each of the Parties. See Winter, 555 U.S. at 20. Defendant is unlikely to suffer any hardship because Hyundai's entries are subject to cash deposits. Hyundai may suffer hardship if its entries were to be liquidated before the conclusion of this case. See Fine Furniture (Shanghai), 40 CIT at ---, 195 F. Supp. 3d at 1333. The court concludes that the balance of hardships tips in favor of Plaintiff-Intervenor.

### 4. Public Interest

Hyundai argues that a grant of a preliminary injunction serves the public interest. See Winter, 555 U.S. at 20. Hyundai asserts that a purpose of the administration of antidumping laws is accurate assessment of antidumping duties. The court finds that the public interest factor does not tip in favor of either Party in this case.

### CONCLUSION

The court concludes that Plaintiff-Intervenor has sufficiently met its burden of proof for the issuance of a preliminary injunction. The public interest factor is neutral between the Parties, and the other factors weigh in favor of injunctive relief. Hyundai's motion for a preliminary injunction is granted.

An order will issue accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: August 2, 2019
New York, New York